Submitted on record and briefs December 18, 1975, reversed January 26, reconsideration denied March 10, petition for review denied April 20, 1976

NICHOLS, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(CA 4953)

544 P2d 1068

John Svoboda, Springfield, and Sanders, Lively & Wiswall, Springfield, for petitioner.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and John W. Burgess, Assistant Attorney General, Salem, for respondents.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

Claimant appeals from the decision of the Employment Appeals Board (Board) which found that he was not actively seeking employment and therefore liable to repay the Employment Division (Division) a portion of the benefits he received.

Claimant applied for benefits in December of 1973 and received benefits totaling well over $3,000. Sometime in 1974 the Division became concerned that claimant was not in fact unemployed but actively engaged in his wife's drapery business. After an investigation, the administrator issued a decision which concluded:

"You are performing substantial services of monetary value and subsequently share in the business assets. * * * You are not unemployed. You are not a bona fide member of the unemployed labor supply and are therefore not available for work or actively seeking and unable to obtain suitable work."

Petitioner requested a hearing before the referee who reversed the administrator's decision and found that claimant was entitled to benefits. The Division appealed to the Board which agreed with the referee that claimant was not engaged in his wife's drapery business but found that claimant had not been actively seeking work and therefore was liable to repay a portion of the benefits he had received.

Claimant appeals contending that the issue of whether he was actively seeking employment was not before the Board and was therefore not a proper basis for the Board's decision. Additionally, claimant alleges that there was not sufficient evidence to support the Board's decision. Since claimant's two assignments are so interrelated we shall consider them together.

Respondent argues that the notice of hearing sent to claimant by the Division put the question of

whether claimant was actually seeking work in issue. That notice provided:

"ISSUES ARE: * * *

"* * * * *

"xxx 3. ORS 657.155,657.100. Was claimant unemployed, able to work, available for work, and actively seeking work.

"* * * * *

"NOTE: Attention is directed to the decision(s) and excerpts of the law and rules, copies of which were served on the interested parties, for specific information as to the issues. ALSO NOTE: Other issues arising during the hearing which affect the claim may be considered."

Respondent misses the point. The question for determination is not what issues could have been litigated under this notice but what issues, in fact, were litigated at the hearing. To make this determination, we must examine the record to see what evidence was actually offered at the hearing.

Most of the evidence offered went to the question of claimant's involvement in his wife's drapery business. Clearly this was the issue the parties were litigating.

Having previously determined that claimant was entitled to receive unemployment benefits, and having paid such benefits to claimant, the Division now has the burden of proving that claimant was not entitled to those already paid to him. It put on no evidence concerning the extent of claimant's search for work. In fact, when claimant testified, he was asked no questions regarding his efforts to find employment. The only evidence introduced on this point was offered by claimant. William Rogers, business manager of the Teamsters Local to which claimant belonged, testified that claimant reported regularly to him and, in his opinion, was willing to work. Additionally, claimant's wife testified that she knew claimant reported regu-

larly to Rogers. No other evidence regarding the extent of claimant's search for work was offered.

Reversed.